## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 771 | **DATE** | 10/3/2002 |
| **CASE TITLE** | Ellen J. Brasel vs. Larry G. Massanari | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Plaintiff's Petition for Attorneys' Fees be, and the same hereby is GRANTED. The Court awards Plaintiff $5,154.35 in fees and costs. Said amount is to be paid to counsel at his mailing address, which is 799 Roosevelt Road, Building 6, Suite 104, Glen Ellyn, IL 60137.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 7 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 30 |
| ✓ | Copy to judge/magistrate judge. | | | |
| | AC | 02 OCT -6 PM 5:38 | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| ELLEN J. BRASEL, | Case No. 01 C 771 |
| Plaintiff, | |
| v. | Magistrate Judge Arlander Keys |
| LARRY G. MASSANARI, Acting Commissioner of Social Security, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Plaintiff's Petition for Attorneys Fees, filed pursuant to the Equal Access to Justice Act ("EAJA), as amended. 28 U.S.C § 2412 (West 2002). Defendant argues that the Court should deny the Petition, because the Commissioner's position was substantially justified. For the reasons set forth below, the Court grants Plaintiff's Petition.

### Background

The facts of this case are laid out in substantial detail in the Court's Memorandum Opinion and Order of May 8, 2002 and are only briefly summarized here. In 1988, Plaintiff filed an application for disability insurance benefits ("DIB"), claiming that vision problems rendered her disabled.(R. at 45.) This claim was denied on April 15, 1988. (R. at 30.) Plaintiff filed a second application for DIB on January 28, 1997, claiming that vision problems and severe back pain rendered her disabled and

alleging a disability onset date of December 31, 1985.

The second claim for DIB was denied initially and on reconsideration. (R. at 70-72, 75.) Plaintiff requested and received a hearing before Administrative Law Judge Mark Anderson ("ALJ") on August 18, 1998. (R. at 25, 78.) Following the hearing, the ALJ issued an unfavorable decision, finding the Plaintiff not disabled at any time through September 3, 1998. (R. at 20.) Plaintiff then filed a request for review of the ALJ's decision. (R. at 7.) The Appeals Council denied the request on December 6, 2000, and the ALJ's decision stands as the final decision of the Commissioner. (Id.)

In a decision dated May 8, 2002, this Court found that the ALJ's decision was not supported by substantial evidence, and remanded the case back to the Commissioner. Specifically, the ALJ failed to fully develop the record with regard to Plaintiff's exertional limitations, posed an inaccurate hypothetical to the Vocational Expert, and ignored medical records tending to support Plaintiff's claim of disability.

**DISCUSSION**

The EAJA requires lower courts to "award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States . . ., unless the court finds that the position of the United States was

*substantially justified* or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (West 2001)(emphasis added). Pursuant to 28 U.S.C. § 2412(d)(1)(B), a prevailing party, which demonstrates that the government's position was not substantially justified and that no special circumstances exist that would render an award unjust, must file a fee application to the Court within 30 days of final judgment, and be supported by an itemized fee statement. *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991).

Defendant does not contest Plaintiff's prevailing party status, or argue that special circumstances prevent the fee award. In addition, Defendant neither attacks Plaintiff's itemized fee statement as failing to comport with § 2412(d)(1)(B)'s requirements, nor does it challenge Plaintiff's counsel's hours or rate as unreasonable. Instead, Defendant devotes its entire brief to arguing that its position, both at the administrative level and before this Court, was substantially justified.

To find that the government's position is substantially justified, the government must show that its position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of demonstrating that 1) there is a rational basis for the facts alleged; 2) there is a rational basis for the

legal theory; and 3) there is a rational connection between the facts alleged and the legal theory. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000). The government need not have prevailed in order for the Court to find its position was substantially justified. *See Pierce*, 487 U.S. at 569 ("[the government] could take a position that is substantially justified, yet lose.")

In this case, the ALJ's, and then the government's, position was that Plaintiff retained the functional capacity to perform light work. However, this conclusion was based upon the answer the VE gave to a faulty hypothetical, and the ALJ's failure to discuss medical evidence that tended to show that Plaintiff's degenerative eye disease and back pain began long before the date Plaintiff last met the disability insured status requirements.

Specifically, the ALJ posed a hypothetical to the VE that presumed that Plaintiff could work a full eight hour day, despite the fact that Plaintiff and her husband (both of whom the ALJ found credible) testified that Plaintiff could not work more than three to four hours each day. Moreover, in assessing the Plaintiff's residual functional capacity, the ALJ failed to develop the record to determine the total length of time during an eight hour day that Plaintiff could stand, and how frequently she could lift twenty pounds. This information bears directly on an individual's ability to do light work, and yet the ALJ failed

4

to elicit any testimony on the topic. This oversight was particularly troubling, given the unchallenged and credible testimony that Plaintiff was working in a limited capacity and on a part-time basis.

The Court also took issue with the ALJ's statement that there were no medical records, prior to Plaintiff's last date insured, substantiating Plaintiff's claim of a demyelinating eye disease, and back pain. These medical records did, in fact, exist, and the ALJ's statement to the contrary demonstrates that the decision was not based upon substantial evidence. The Commissioner adopted, and continued to advocate, the ALJ's findings throughout the administrative and Court proceedings.

In opposing this Motion, the government takes the position that its position is, nevertheless, substantially justified, because the Court did not conclude that the evidence compelled a finding of disability. But the government's argument misses the mark, because it ignores the fact that the ALJ's decision was not based upon substantial evidence and ignored evidence favorable to Plaintiff. In doing so, the ALJ's decision failed to comport with well-established caselaw, and even though the ALJ may ultimately conclude that Plaintiff is not disabled, the decision to continue to advocate the ALJ's faulty position was not substantially justified. Because the Court has concluded that the ALJ's conclusion was not reasonably based in fact and law,

the Court finds that Plaintiff is entitled to an award of attorney fees.

The Court must next determine whether Plaintiff's request for fees is reasonable. In *Hensley v. Eckerhart,* the United States Supreme Court set forth the standard for courts to employ when reviewing fee petitions. 461 U.S. 424, 433-35 (1983). The Court explained that the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly wage." *Id.* at 433. (labeling this equation the lodestar method.) Pursuant to 28 U.S.C. § 2412(d)(2)(A)(ii), the "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings, justifies a higher fee."

An increase in the cost of living since March 1996, the date the statute was amended, justifies an increase in the statutory rate. Plaintiff has submitted evidence that the appropriate rate, based upon the Consumer Price Index, is $141.25. The government does not contest the rate, and courts in this district have agreed that rates in this range are reasonable for the time period at issue. *See Smith v. Barnhart,* No. 00 C 7652, 2002 WL 31118326, at *3 (N.D. Ill. Sept. 24, 2002). Therefore, the Court awards the fees at Plaintiff's counsel's requested rate.

In addition, the Court will award only those fees for time that is properly documented and reasonably expended. A court may find that fees are unreasonable if the attorney failed to achieve a successful result, was inefficient and duplicitous, or inadequately documented his time. *People Who Care*, 90 F.3d at 1314. The Court may not, however, "'eyeball' the fee request and 'cut it down by an arbitrary percentage because it seemed excessive to the court.'" *Id.* (quoting *Spellan v. Bd. of Educ. for Dist. 111*, 59 F.3d 642, 647 (7th Cir. 1995)).

Where the documentation of hours is inadequate, or the description of services is vague, the Court may reduce or deny the award accordingly. *Webb v. James*, 967 F. Supp. 320, 323 (N.D. Ill. 1997). The party opposing a fee petition has a similar obligation; "[c]ounsel who opposed the fees have a similar responsibility to state objections with particularity and clarity." *Ohio-Sealy Mattress*, 776 F.2d at 664. "If a defendant fails to specifically object to the requested attorneys' fees, the Court will generally award the requested fees." *Northwestern Nat.'l Life Ins. Co. of Milwaukee Wis. v. Lutz*, 933 F. Supp. 730, 732 (C.D. Ill. 1996).

In this case, Plaintiff's counsel has submitted a billing summary detailing his time on this case. The government has not challenged any entries as unreasonable or improperly documented. The Court finds that Plaintiff's request for fees is

reasonable and well document, and, therefore, awards Plaintiff $5,154.35, which represents full compensation for all time up to and including the filing of Plaintiff's EAJA Reply brief.

## CONCLUSION

For the reasons set forth above, the Court awards Plaintiff $ 5,154.35 in fees and costs.

**IT IS HEREBY ORDERED** that Plaintiff's Petition for Attorneys Fees be, and the same hereby is, **GRANTED**.

Dated: October 3, 2002       ENTER:

ARLANDER KEYS
Unites States Magistrate Judge